UNITED STATES of America,

v.

**Bryant HAMMOND, a/k/a NMI Bryant Hammond, Appellant.**

No. 99–3942.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Jan. 15, 2002.

Filed April 29, 2002.

Before SCIRICA, GREENBERG, and BRIGHT, Circuit Judges.

OPINION OF THE COURT

BRIGHT, Circuit Judge.

On December 10, 1997, Bryant Hammond pleaded guilty to unlawful possession with intent to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. § 841. Hammond did not enter into a written plea agreement. The presentence report recommended a sentencing range of 121 to 151 months (ten years and one month to twelve years and seven months). At sentencing, the Federal Bureau of Investigation testified to Hammond's assistance in ongoing criminal investigations. Based on this assistance, the government moved for a reduction in Hammond's sentence. On April 14, 1998, the court granted this reduction and sentenced Hammond to sixty-five months (five years and five months) imprisonment, to be followed by five years of supervised release.

In August 1999, Hammond filed a pro se motion for a further sentencing reduction. He alleged bad faith on the part of the government in refusing to move for a second departure for assistance under Federal Sentencing Guideline § 5K1.1. The district court held an evidentiary hearing and determined that Hammond did not provide substantial assistance after his sentencing.

Hammond timely appealed to this court. Hammond's attorney filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that Hammond could not assert any credible issues for review, and requesting permission to withdraw from representation. Additionally, this court informed Hammond of his right to file a supplemental pro se brief, raising any issues that he believed to be non-frivolous. *Id.* at 744. Hammond has failed to file a brief. However, he did file a motion asking this court to put his appeal in abeyance. We granted an additional thirty days for further briefing. Those thirty days have passed and Hammond has yet to file a brief.

As required by *Anders*, Hammond's attorney has referred this court to those issues and portions of the record that might arguably support an appeal. *Anders*, at 744, 87 S.Ct. 1396. Hammond's attorney notes: (1) the district court had jurisdiction to accept Hammond's initial plea; (2) Hammond's plea was appropriate based on the Constitution and applicable statutes; and (3) the court appropriately sentenced Hammond.

Although Hammond's attorney refers to the plea and sentence, the record shows that Hammond has not appealed his plea and conviction. The only issue timely appealed addresses the issue of whether the district court abused its discretion in denying Hammond's motion for a downward departure.

Under Federal Rule of Criminal Procedure 35, the government has the right to move for a reduction in a defendant's sentence for substantial assistance after sentencing. Fed.R.Crim.P. 35(b). Here, Hammond argues that the government did not follow through on its promise to further reduce his sentence based on his assistance after sentencing.

The government asserts that we lack jurisdiction to review the district court's refusal to grant a downward departure. In *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court defined a narrow space for a defendant to challenge the government's refusal to file a § 5K1.1 motion in the absence of a plea agreement. Section 5K1.1 gives the government the power, but not the duty, to file a substantial assistance motion. *Wade*, 504 U.S. at 185, 112 S.Ct. 1840. The district court can review the refusal to file a substantial assistance motion where the defendant can make a substantial threshold showing of an unconstitutional motive, like race or religion. *Id.* at 183, 185–86, 112 S.Ct. 1840.

We have previously held that the district court can review the government's refusal not to move for downward departure: (1) where the defendant entered into an agreement, either oral or written, with the government, or (2) to determine whether the government has acted with an unconstitutional motive under the circumstances. See *United States v. Isaac*, 141 F.3d 477, 481 (3d Cir.1998) (noting that "in the absence of a plea agreement, the district court has an extremely limited role in reviewing the government's refusal to move for a departure"); see also *United States v. Swint*, 223 F.3d 249, 253 & n. 5 (3d Cir.2000) (reviewing a written plea agreement).

The district court possessed jurisdiction to determine whether a post-sentencing plea agreement existed and whether the government acted with an unconstitutional motive in refusing to move for a further reduction in his sentence. After careful review of the briefs and the accompanying materials of record, we agree with the district court that: (1) Hammond failed to demonstrate that an agreement with the government existed, and (2) even if one

existed, his assistance did not warrant a further reduction in his sentence. Therefore, we will affirm the district court's refusal to grant Hammond an additional reduction for substantial assistance.

We also conclude that Hammond's counsel has fulfilled his responsibility to "thoroughly [and responsibly] scour[ ] the record in search of appealable issues."

See *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000). We have conducted an independent examination of the record before us, and we agree with counsel that there are no non-frivolous issues that justify review. See *Id.* Because counsel has complied with all procedures specified in Anders, we will grant his motion to withdraw.